IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLOW BRIDGE PROPERTY COMPANY LLC,<br>      Plaintiff,<br><br>v.<br><br>ARCH SPECIALTY INSURANCE COMPANY<br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 3:24-cv-00029-D |

**STIPULATED MATERIAL FACTS**

Plaintiff Willow Bridge Property Company, LLC and Defendant Arch Specialty Insurance Company have stipulated to the following facts, as well as the authenticity and admissibility of the documents referenced herein.

*The Antitrust Suits*

1. LPC has been named as a defendant in thirty-five putative class action lawsuits filed in district courts across the country (the "Antitrust Suits").

2. The Antitrust Suits have now been consolidated for pre-trial proceedings as part of a multi-district litigation ("MDL") captioned *In re: RealPage, Inc., Rental Software Antitrust Litigation*, Case No. 3:23-md-03071, MDL No. 3071, in the United States District Court for the Middle District of Tennessee.

3. The operative pleading is the MDL Plaintiffs' Second Amended Consolidated Class Action Complaint ("SAC"). *See* Ex. A.

*LPC's Real Estate Developer Professional Liability Insurance Policy*

4. LPC purchased from Arch a "Real Estate Developer Professional Liability Insurance Policy" for the policy period April 1, 2022 to April 1, 2023, with a retroactive date of October 1, 1991 (the "Policy"). Ex. B, p. 303.

5. The Policy provides a $5 million limit of liability per claim and in the aggregate, subject to a $50,000 per claim retention. Ex. B, p. 303.[1]

6. Subject to the Policy's terms, conditions, and exclusions, Arch has a duty to defend LPC against claims made, "even if such Claim is groundless, false or fraudulent." Ex. B, p. 316 ¶ 8.A.

7. Defense costs are "part of, and not in addition to" the limit of liability and include "reasonable and necessary fees and expenses incurred in the defense or appeal of a Claim." Ex. B, p. 309 ¶ 3.F; p. 316 ¶ 7.C.

8. Subject to the Policy's terms, conditions, and exclusions, Arch agreed to pay for "Loss, in excess of the Retention, on behalf of any Insured resulting from a Claim first made against such Insured during the Policy Period or Extended Reporting Period, if applicable, for a Wrongful Act committed on or subsequent to the Retroactive Date." Ex. B, p. 307 ¶ 1.A.

9. "Loss" includes, in relevant part, "Defense Costs." Ex. B, p. 309 ¶ 3.L.

10. "Wrongful Act" is defined to mean "any actual or alleged negligent act, error or omission, misstatement, misleading statement, breach of duty or neglect . . . solely in the performance of or failure to perform Real Estate Development Services." Ex. B, p. 312 ¶ 3.AA.

---

[1] Capitalized terms not otherwise herein defined are defined terms in the Policy.

11. Exclusion X in the Policy excludes coverage for Loss "in connection with any Claim for, based upon, arising from or in any way related to unfair trade practices or violation of consumer protection laws." Ex. B, p. 315 ¶ 6.X.

*Arch's Denial of Coverage*

12. LPC provided Arch with timely notice of the Antitrust Suits, beginning with the *Bason v. RealPage, Inc. et al.* class action complaint filed October 18, 2022 in the Southern District of California.

13. Arch has denied coverage for all of the Antitrust Suits. *See* ECF 12 ¶¶ 30-31; Ex. C, pp. 341-43; Ex. D, pp. 344-55.

14. There is no dispute that the allegations in the MDL relate to the Insured's Real Estate Development Services.

15. There is no dispute that the Antitrust Suits in the MDL share a common nexus of facts, circumstances, situations, events, transactions, and causes.

16. If the Court finds that the MDL Plaintiffs allege Wrongful Acts, the parties agree that Arch's duty to defend the Antitrust Suits turns on the interpretation and applicability of Exclusion X. ECF ¶ 36 (admitted).

17. There also is no dispute that the only other exclusions that Arch cites as defenses to coverage – Exclusions A and Exclusion B – do not apply to Defense Costs, and therefore are not relevant to determining Arch's duty to defend.

Dated: August 9, 2024

<table>
<tr><td>

**WILLOW BRIDGE PROPERTY COMPANY**

*/s/ Mark Chevalier*     p.p.
J. Mark Chevallier (TX Bar No. 04189170)
**McGuire, Craddock & Strother, P.C.**
500 N. Akard Street, Suite 2200
Dallas, Texas 75201
Telephone:  214.954.6800
Facsimile:   214.954.6868
Email: mchevallier@mcslaw.com

Julie L. Hammerman (admitted *Pro Hac Vice*)
**Thompson Hammerman Davis LLP**
1717 K St., NW, Suite 900
Washington, D.C. 20006
Telephone: 202.536.7529
Facsimile: 202.318.5356
E-Mail: jhammerman@thompsonhd.com

</td><td>

**ARCH SPECIALTY INSURANCE COMPANY**

*/s/ Robert Witmeyer*
Robert J. Witmeyer (TX Bar No. 24091174)
rwitmeyer@mayerllp.com
Summer L. Frederick (TX Bar No. 24067764)
sfrederick@mayerllp.com
**Mayer LLP**
750 N. Saint Paul Street, Suite 700
Dallas, Texas 75201
Telephone: 214.379.6900
Facsimile: 214.379.6939

</td></tr>
</table>

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of August 2024, I served a true and correct copy of the foregoing document on counsel of record using the Court's ECF filing service:

J. Mark Chevallier
McGuire, Craddock & Strother, PC
500 N. Ackard Street, Suite 2200
Dallas, Texas 75201
Telephone:    214-954-6860
mchevallier@mcslaw.com

Julie L. Hammerman
Thompson Hammerman Davis LLP
1717 K St., NW, Suite 900
Washington, DC 20006
Telephone:    202-536-7529
jhammerman@thompsonhd.com

*Counsel for Plaintiff*

                */s/ Robert J. Witmeyer*
                **ROBERT J. WITMEYER**